Good morning. May it please the Court, Paul Cambria, on behalf of the appellants. May I reserve a minute for rebuttal? Thank you. The Court below basically decided that a decision by the Gambling Control Commission that applied only to one of the plaintiffs, Collegian Jr., that the mere knowledge of that decision by the other two plaintiffs started the statute of limitations clock running as to them. Even though it had no effect on them, they were not parties to it in any way, they simply knew about it. And if we think about how unworkable that could be, if I'm another licensee, according to this decision, if it's upheld, my mere knowledge that there was a decision against Collegian Jr. would start my statute of limitations clock running, even though I might not even have an investment opportunity until two and a half years from the time that I knew about Collegian Jr.'s decision. There was no impact on the — on Flynt and on Collegian Sr. They weren't parts of this decision at all. Well, that brings me to the question of whether they have standing then. If they were not part of the decision, then how do they have standing to challenge the decision? Yeah. Well, the standing was each and every time that they wanted to invest, and we've alleged a number of those in our complaint, they were prohibited from doing so because they would lose their current license. That meant that they were actually injured only when they had to pass up an actual investment opportunity, and in addition, every two years when they had to certify to the Gaming Commission that they had passed up all opportunities to invest. That's when they were actually injured. And so basically what the court below has done and what the State is claiming is that simply knowledge of somebody else's application, here Collegian Jr., is an injury to you. There's no actual injury to either of them. Now, if you want to apply — But that's the problem, though. If there's no actual injury to them, then they don't have standing. Well — If the actual injury is based on this particular ruling by the board, then the statute of limitations runs. So either way, there is a conundrum. No, there — no, I submit there isn't. Here's the situation. They weren't injured by that decision against Collegian Jr., and the court below ruled that they were for purposes of running the statute of limitations. Their first injury came when they had to pass up their first investment opportunity. And we've listed each one of those that they had to pass up, which was well within the statute. So why are they in this case, then, with Collegian Jr.? Why are they joining this particular case when his license was denied? No, they're not. They're not. They're not parties to this case? No, the court below said the statute ran against them merely because they knew about a decision on the other plaintiff, on Collegian Jr. And what I'm saying is that the statute starts to run when they are actually injured. So we alleged in our complaint a number of times when they had to pass up specific opportunities. Each one of those is within the two-year limit. And according to the court below, mere knowledge of the adverse ruling against Collegian Jr. started their clock running. But my question is, why are they plaintiffs with Collegian Jr.? Why is their case part of his case? There's three separate cases here. They're all together in the sense that they're in one complaint. Right. Well, there are three separate sets of facts. Collegian Jr. is, his statute hasn't run because of a couple of reasons. Number one, he passed up a number of deals. Number two, in the disciplinary hearing against him, the court imposed a five-year injunction imposing this statute. That doesn't run until June of this year. And so this court has said in Montinaldo that if you have an injunction, it's timely any time during that injunction. So he, it's timely as to him. It's timely as to Collegian Sr. and to Flint because they continually are passing up deals within the statute of limitations, each of which we pled in our amended complaint. And in addition, every two years there's a renewal process. And so they're injured every two years in the renewal because they have to certify that they've passed up any investment opportunities in order to keep their license. Counsel, may I ask you whether or not Collegian Jr. appealed the agency decisions to the state court? I did not handle that. As far as I know. Do you know the record? I don't believe that he did. I believe. But right now. Could I just ask you, then, if he did not appeal the decisions to the state court, why wouldn't those claims be barred under res judicata? Well, they're not barred because the injunction's in place. And the injunction imposes the statute. The statute imposes the harm. And that injunction's in place until June. So he can file at any time within the time of the injunction. Right. But if the State decision stands and is against him, how do you get to revisit that if he didn't appeal the State court decision? These are separate and discreet. These are separate and discreet actions as to him. They always are. But if you have a State court decision that's been finalized and you come to the Federal court and try to relitigate that, you don't get to do that. So the fact that there are separate decisions doesn't matter for res judicata purposes. That's not the situation here. What's the situation here? The situation here is that there are several events, each of which is within the statute of limitations. I'm not talking about the statute of limitations. I'm talking about the preclusive effect of the State court decision. But that's the basis of the decision here, that the statute ran out. That is what we're reviewing here, that the statute ran out. I'm asking you a different question. I'm not asking you a statute of limitations question. I'm asking you whether or not the failure to appeal the agency decisions to the State court means that you're bound by those decisions now and can't relitigate those with us. He's not appealing that decision here. That decision here was imposed. He is challenging the constitutionality of the statute on its face. He is not challenging that decision here. This case is about challenging the facial constitutional validity of the statute. Was that issue able to be raised in the State court? It could have been, but it wasn't, so it's not precluded. Well, that's the problem, though. If you could have raised the issue in State court and you didn't, it can be precluded. In this case, Your Honor, as to Flint and Collegian Sr., they clearly are in the statute of limitations. The decision against Junior had nothing to do with them. And even under Scheer, which is the case that the State relies on, Scheer required an actual injury to the individual, not just knowledge that the statute existed. In fact, this Court went out of its way to point out that the lawyer in Scheer knew about all the rules, disciplinary rules and everything else, but it wasn't until there was actually a decision against her in the State court that the statute started to run. And so my point is here. The court below says that the decision against Junior started the statute running against the other two. That decision did not actually harm the other two. Scheer requires actual harm. Counsel, I was very impressed in your brief, your development of the Palmer case, and my question to you is, are Palmer and Scheer inconsistent? The problem being that Palmer was Seventh Circuit and Scheer is one of our cases. Well, and I think that's another issue. And that issue is, can there ever be a statute of limitations on a facial constitutional challenge? That's a different issue. And we raised that issue, obviously, as well. I thought it was a relevant issue. It is a very relevant issue. We have more than one ground for saying there should be a reversal. Number one is there should be no statute of limitations on a facial challenge of constitutionality, which we did here. Number two, even under Scheer, there wasn't an actual violation or injury, if you will, to Collegian Senior and Flint merely because of a decision that only applied to Junior. Okay. But Palmer talks about a continuing violation. Yes. And we have that. We have to But that's Seventh Circuit. Given Scheer, can we import that theory in this case? Well, I think you can. And here's the reason. Number one, we're not inconsistent with Scheer because there's no actual injury here, so Scheer supports us. Number two, the facial issue of a chilling effect statute. You notice that in the analysis in the past, when they talked about facial challenges and no statute of limitations applying, they talked about cases where there was a continuing effect, if you will, a chilling effect. And there were First Amendment involved in there. But here we have a chilling effect on the Commerce Clause, because this statute basically prohibits a current licensee from in any way getting into a lawful legal investment in another enterprise. And so for that reason, I think that we can say that under Scheer, Scheer could be limited solely to you need an actual injury and there wasn't one here, because Junior's decision did not actually injure Collegian Senior or Flint. The injuries that you are talking about with respect to those clients are the injuries and the inability to, they refrained from engaging in transactions that they would have engaged in otherwise. Yes. And the reason that they refrained was because of what? The statute. The statute itself was the reason they refrained, because every two years they have to certify that they've not invested in order to keep their current license. So that's an impact on them and an injury, because now they have to pass up a lawful, clearly legal investment opportunity simply because of this statute. It had nothing to do with Junior's decision. For example, when we talked about the biannual renewal, the trial court said, well, that's just a product of Junior's decision. It has nothing to do with that. It's the statute that requires that. Okay. Did you want to save time for rebuttal, counsel? I'm sorry? Did you want to save time for rebuttal?  Okay. So here what I'm saying is this. I think several grounds. Number one, there should not be a statute of limitations on a facial challenge, especially where there's a continuing, if you will, activity, which there is here. Number two, there was no actual injury. Scheer requires that. The fact of the decision against Junior had no actual impact or injury on the other two. They simply had knowledge that his decision occurred. And if you think about this, anybody, any other licensee who read about the decision on Junior, the clock would run, and that's basically what the decision says, because it says that the other two, Flint and Senior, simply had knowledge of his decision, and that made the clock start to run. Scheer requires an actual injury. And we don't have that until they invest. And we listed a number of the investments they had to pass. Every one of them is within the statute of limitations. All right. Counsel, you're down to a minute. May it please the Court. James Wayne for the State Appellees. Good morning, Your Honors. I'd like to address three main points. First, the licensees are not challenging the California statutes, but rather the interpretation of the statutes by the Commission. But whether it is a facial challenge or an as-applied challenge, Scheer v. Kelly is binding precedent in this circuit that bars the licensee's challenge. Second, the licensee is admitted in paragraph 73 of the First Amendment complaint, and that's at paragraph page 91 of the record, that the Commission decisions were the determinative factor in causing their alleged injuries. And that's all three licensees. Now, any alleged injury caused by the license renewal certification, as licensees have argued, and that injury is not alleged in the First Amendment complaint, is based on the statutory interpretation in the Commission's decisions, is an inevitable consequence of those decisions, and is a continuing impact of those decisions. There's no continuing violation, because there's no new allegedly unconstitutional government act causing a new injury and restarting the statute of limitations. You know, I find this case, I'm just speaking for me, but I find this case very confusing. They want to make investments that the law says they can't make. Is that an oversimplification? It appears that all three licensees had a different interpretation of what the statutes would allow in terms of investments in out-of-state casinos than the Commission determined was the interpretation of the statutes as decided by the Commission in those Commission decisions from June 2014. So it's actually the interpretation of the Commission of the statutes? By the Commission of the statutes, yes, yes. The final point I want to make is the Commission decisions are not analogous to an injunction against Mr. Collegian, Jr., since they're merely administrative law decisions interpreting state law and imposing penalties for the violation of state law. So what is the import of the failure to appeal those state decisions? What does that mean procedurally for this action? So for Mr. Collegian, Jr., and we argued this in our answering brief, he should be barred by res judicata or collateral estoppel for failing to appeal the Commission decisions. What about the other two plaintiffs? Well, the other two plaintiffs, the decision, Commission decisions were not directly applied to them. But again, we go back, we have to look at paragraph 73 of their First Amendment complaint, that's, again, page 91 of the record, where they admitted that the Commission decisions were the determinative factor in causing their injuries. And we have to accept the well-planned facts, and it's at rule 12B, six, motion to dismiss. I was curious, because opposing counsel keeps saying that for the other two plaintiffs there is no actual injury. And to me, that means there is no standing. So I don't get how we keep them in the case if he concedes that there is no actual injury. That's why I was asking the questions about standing. What's your response to that? Yes, we would agree, Your Honor, but again, we do look at the facts as pled in paragraph 73 of the First Amendment complaint, where they say that their injuries, it was in the nature of discouragement. The interpretation by the Commission in those decisions discouraged them from what they had interpreted the statutes to allow them to do, which would be investment in the out-of-state casinos. Get damages for that? Can you get, is there a cause of action for saying that a decision made me doubtful that I could engage in this business, and so therefore I didn't? I've never seen a case quite like that. Yes, it doesn't make a lot of sense, and I understand the confusion in that regard. They are seeking, though, an injunction with regard to the enforcement, a declaratory relief and an injunction with regard to the enforcement of the statutes. But is it, is anybody, they haven't done anything that's caused the statute to be enforced against them. I understand. They have not tested, the other two appellants have not tested the statute in a way that Mr. Collegian, Jr. had and was subject to the Commission decisions. But if they tested, then they're subject to all of the powers that the Commission can impose on them here, including denial of their renewal of their license and all of that. So isn't that irrelevant? Whether they tested it or not? Well, the injury, again, that they allege relates to that. The injury is, if I hear Mr. Cambria carefully, is the inability to make the investment that surfaced sometime during the two-year period. In other words, they were given an opportunity to make an investment which the statute would prohibit. And once that occurred, they have a cause of action. Is there, what's wrong with that? Well, they, the injury that they allege is discouragement from entering into these business deals that they allege that they had available to them. Again, we would characterize the injury as they pled it as a discouragement injury based on the interpretation of the statutes as applied to Mr. Collegian, Jr., which it's an undisputed fact that the other two appellants were aware of. But it really has nothing to do with what happened to Collegian, Jr. The point is that the statute prohibits them from making this kind of an investment. They had an opportunity to invest, and they had to decline it because they would be injured if they were to pursue it. Okay. So I think in this case ---- It seems to me this is a continuing violation situation, a continuing harm. Well, our position is it's a continuing impact of the commission's decisions from June 2014. The Knox v. Davis case in this circuit is instructive in this regard where you had a decision suspending an attorney from visitation rights, visitation correspondence rights with her clients in prison facilities. The numerous times that she subsequently requested to visit different prisoner clients, those requests were denied. Those were not ---- those were considered by this Court to be not new injuries. But he's challenging the statute. His claim is the statute is unconstitutional. And he's making a facial challenge to the statute. Do you disagree with that? We disagree that it's a facial challenge to the statute, actually. Our position is that it's the interpretation of the statute by the commission in those two decisions in June 2014 that was different from the interpretation that the appellants had as demonstrated in the record by their support for Section 19858.5 when it was enacted in 2007. They did not think it was unconstitutional at the time they supported it as written. Well, under your theory, if we were dealing with Collegian, Jr. alone, perhaps that might make sense. But the other two were not directly affected, were they not? Well, again, we have to accept the facts as pled in the First Amendment complaint. And when we look at Paragraph 73, again, at page 91 of the record, the licensees have argued that with respect to all three appellants, all three licensees, that those commission decisions from June 2014 were the determinative factor in discouraging them from these investments and causing their injuries. So we have to relate it back. But what is the remedy? Let me end. What is the remedy that you understand them to seek? They want damages for not being able to enter into those transactions that they were precluded as a result of the commission decision? They seek declaratory relief that the statutes are unconstitutional, and they want to enjoin enforcement by the State agencies of those statutes. So they don't want damages? They have not pled. It's all for the future. To invalidate the statutes, yes. That's the request. Counsel, would you comment on Mr. Cambry's argument about the Palmer case? How do you look at Palmer? Well, Palmer is not an I-Circuit case. We know that. That's why I asked the question. And we believe it – well, our position is that it is consistent with Scheer. It is consistent? It is consistent with Scheer. Okay. Because it allowed suit in the face of repeated unconstitutional acts. We do not have any separate unconstitutional acts here. The argument made with regard to the biennial license renewal application form is merely a reporting requirement. The form has a question asking if the license applicant or the license renewal applicant has increased an investment in an out-of-state casino or has a new investment in an out-of-state casino. That would just provide notice to the Bureau of Gambling Control to investigate that investment to see if it's in compliance with the law. And, again, that still relates back to the Commission decisions and that interpretation that the appellants disagree. Well, isn't that something that could be handled on remand to the district court? I mean, the problem here is that this is a statute of limitations issue, statute of limitations appeal. If we resolve the statute of limitations along the lines of Palmer, it goes back and presumably the court can then deal with whether there's an injury or not or when it occurred or whatever. No? Well, except this was a 12B6 motion to dismiss. We have to accept the facts as pled by the plaintiffs. And in this case, again, back to Paragraph 73 of their First Amendment complaint, they admitted that those Commission decisions were the determinative factor in causing them not to enter into these business deals that they described. I'm still having trouble with this. I don't like hypotheticals, but let me give you one. Okay. I have – there's a statute out there that says that you're not supposed to make deliveries in unsafe vehicles. And I have a – I'd like to engage in a delivery business and I've got a bicycle that has wheels this big. And then there's a decision that says that bicycles with wheels that big can't be used. So I therefore am not able to use my bicycle. And I sue – then I sue saying I want an injunction against this because you're depriving me of something or other. It's unconstitutional to not let me make my deliveries with my bicycle that has wheels too small. Why would that be barred by – why would there be a statute of limitations on that if all I want is for the future to ride my bicycle? Well, if it's applied to the actual plaintiff, then that would be more akin to the situation with Mr. Collegian, Jr., I would take it, where the Commission decision is very quickly – No, no. It's somebody else's. Somebody else who has knowledge of the decision. Well, again, the fact – And then there's a decision that says that you can't use your bicycle with respect to somebody else that says that these bicycles can't be used. So therefore, for the future, I can't use my bicycle. And why can't I get an injunction against the enforcement of that or at least file a claim, a case, under 1983 that you're depriving me of my property at any time that I'm unable to use my bicycle? Well, the precedent in this Court is sheer v. Kelly. And so we have to apply that standard. And the standard for the accrual of the statute of limitations would be when the plaintiff knew or had reason to know of their alleged injury. Now, in this case, we have an undisputed – it's an undisputed fact that the plaintiffs knew or actually had actual knowledge because they did not contest our argument that they had actual knowledge of the commission decisions and their impact causing their alleged injuries based on their admission in paragraph 73 of the First Amendment complaint and also their failure to controvert our arguments that they had knowledge of that decision that caused their – that they admitted caused their injury. Then along the lines of Judge O'Scanlan's question, why isn't each time that they are prevented from doing what they would like to do a continuing violation? Well, that's because it's merely the inevitable consequence of the commission's decisions and the interpretation of the statutes embodied therein. It's just the continuing impact, just like Knox v. Davis, where the continued request – in fact, the plaintiff in Knox had a bit of a stronger case than these plaintiffs had, we believe, because the plaintiff in Knox repeatedly requested to visit new clients in prison and each time the Department of Corrections rejected that request, that did not trigger a new accrual date for the statute of limitations. It related back to the original suspension decision because it was the same injury. It's just like in the employment context when the decision is made in the employment context and there are continuing effects of that decision. That's correct. It doesn't start a new statute of limitations each time that effect is felt by the plaintiff. That's correct. Yes, we agree, Your Honor. All right. Thank you, counsel. Thank you. Rebuttal. Let's see if I can clarify the standing issue. Scheer says that for the statute to run, there must be an event that actually causes injury. The court below said that was the decision against Junior. That did not cause injury to Senior or Flint. But opposing counsel says that in your complaint that's exactly what you said. No, we did not. We said it was a decisive factor in our filing. If you look at all the legislative history that's part of this record, we thought the statute was going to be repealed. But once that decision came into place, we filed. That was the only thing it had to do. It's not the decision. It's the law that we're challenging. Not his decision on Junior. That just said, look, it's not going to get repealed. Let's file. That's all that was about. And so what I'm saying here is you need to have an injury. The court below said it was Junior. Junior had nothing to do with the other two defendants or the other two plaintiffs at all. So, and as far as the renewal. What did you allege the injury to be? The injury is each one of the deals passed up and the renewal. This is what you allege in the complaint. That's right. We have. And we listed deal after deal. Go to your complaint in the record. Where's the complaint in the record? I'm sorry, ma'am. The complaint in the record. Where is it? It would be, I believe, 161 is the record reference for the complaint where we made all of those allegations. Deal by deal by deal. I'm talking about where in the complaint did you state what the injury. He said, I thought he said paragraph 9 of the complaint was where you. I don't have it in front of me here. But your honor, there are several deals alleged that we passed on in 15 and 16. In 2015 and 2016. Plus the renewal. And I say on the renewal. We briefed it. They briefed it. And the judge ruled on it. They're claiming the renewal is a product of Junior's decision. It's not at all. It's a product of the statute. The statute says you must say that you didn't engage in any investments in order to have your current license renewed. And each time they do that every two years, that enforces that statute on us. Stops us from investing. And that is not a product of Junior's decision. That's a product of the statute. So each one of the deals that we passed in 15 and 16 are our injuries. And each renewal every two years where they impose the statute are our injuries. And that's what makes it right. All right, counsel. I appreciate it. That looks like paragraph 51 where you start with A, B, C, D. Casino in Reno. Casino in Vegas. Okay. Yes, thank you. And all you want, excuse me, but all you want is an injunctive relief. I'm sorry, ma'am. I have hearing aids. Are you asking for damages? No, no. We did not. We're asking the statute be declared unconstitutional. Now we're asking that it be remanded and our complaint be reinstated. All right. Thank you, counsel. Thank you. Thank you. Thank you to both counsel. The case just argued is submitted for decision by the court. The final case on calendar for argument today is Bosnick v. City and County of San Francisco.
judges: Schroeder, O'scannlain, Rawlinson